IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03-cv-152

|   |   |   |
|---|---|---|
| WENDELL C. COOPER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND MEMORANDUM** |
| | ) | |
| CHARLOTTE - MECKLENBURG BOARD OF EDUCATION | ) ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Wendell Cooper brings this suit pursuant to Title VII of the Civil Rights of 1967, 42 U.S.C. 2000e et. seq., against Defendant Charlotte-Mecklenburg Board of Education ("Char-Meck" or "Board") seeking damages for racial discrimination and retaliation. (Doc. No. 1).[1] Jurisdiction is present pursuant to 28 U.S.C. §§ 1331, 1343, and 1441. The Court finds that the state court, through its order and its refusal to amend its order, has rendered a final judgment on the merits, and made it abundantly clear that the Board's decision to not renew Cooper's contract was based upon his poor performance, and was not of a discriminatory nature. Accordingly, the Court **GRANTS** the defendant's motion for summary judgment (Doc. No. 35) because of claim and issue preclusion.

FACTUAL FINDINGS

The pertinent facts are as follows. Cooper was employed as an assistant principle by the

---

[1]This Court has dismissed all individuals named in the Amended Complaint and Counts II and IV. (Doc. No. 18).

1

defendant from February 2000 until May 28, 2002. He was initially assigned to West Mecklenburg High School. During the 2000-2001 term, a student alleged that Cooper engaged in "inappropriate touching." Although he was cleared of the accusation by the Board, Cooper requested to be transferred to another assistant principle position. To his dislike, he was transferred to Berryhill Elementary School as an "extra principle," where he became unsatisfied with his position and accommodations. On April 29, 2002, after several evaluations of Cooper's job performance, the Superintendent recommended to the Board that his contract not be renewed. The Board approved the recommendation on May 28, 2002.

Believing the Board's decision was discriminatory, Cooper filed a petition for judicial review with the Superior Court of Mecklenburg County, North Carolina. On the morning of the hearing, April 3, 2003, Cooper filed a petition for voluntary dismissal of his racial discrimination claim. On May 14, 2003, the court denied his petition and found "substantial evidence" of the following: (a) Cooper's performance at West Mecklenburg High School was not acceptable; (b) his mid-year performance appraisal dated January 17, 2002, rated him below standard in two areas, including handling disciplinary procedures and coordinating and communicating the school's formal structure; (c) Cooper received critical comments from the Principle at West Mecklenburg High School in a memo regarding his failure to follow instructions regarding student referrals; (d) Cooper's performance at Berryhill Elementary was not acceptable; and (e) the principle at Berryhill Elementary provided Cooper with certain expectations for his performance which were not met. (Doc. No. 36: Plaintiff's Ex. 24). The state court concluded as a matter of law that the Board's decision was not "arbitrary, capricious, discriminatory, personal or political." (Id.) Cooper then filed a rule 59(e) voluntary dismissal petition to amend the order (Id. at Plaintiff Ex. 25), and the court

granted the petition as to certain issues, but denied the petition regarding the racial discrimination claim. (Id. at Plaintiff Ex. 26). Cooper failed to appeal this final order in a timely fashion. On April 4, 2004, this Title VII claim was removed to this Court pursuant to 28 U.S.C. § 1441.

ANALYSIS

Summary judgment is appropriate where the Court determines that there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c). The Court concludes, as a matter of law, that the defendant's motion should be granted on the grounds of claim and issue preclusion, and therefore has no need to discuss the defendant's other argument for dismissal based upon Cooper's failure to disclose this federal lawsuit during his bankruptcy proceedings.

The defendant argues that Cooper's claims are barred by both issue and claim preclusion because the superior court concluded that Cooper's performance at West Mecklenburg and Berryhill Elementary was unacceptable and that the Board's decision to refrain from renewing his contract was non-discriminatory. Pursuant to 28 U.S.C. § 1738, state proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the state from which they are taken. See Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S.Ct. 892 (1984). The United States Supreme Court also has discussed the importance in Title VII cases of giving preclusive effect to decisions by state administrative agencies that are affirmed by state courts. Kremer v. Chemical Construction Corp., 456 U.S. 461, 478, 102 S.Ct. 1883 (1982) ("Depriving state judgments of finality not only would violate basic tents of comity and federalism, but also would reduce the incentive for States to work towards effective and meaningful antidiscrimination systems.") (internal citations omitted)). Furthermore, a final judgment bars not only all matters

actually determined or litigated in a prior proceeding, but also all relevant and material matters within the scope of the proceeding that the parties, in exercise of reasonable diligence could and should have brought forward for determination. Skinner v. Quintiles Transnational Corp., 606 S.E.2d 191 (N.C. Ct. App. 2004).

The doctrine of claim preclusion, or *res judicata*, bars subsequent actions where there is a final judgment on the merits in a prior action, and where both actions involve the same parties and same cause of action. Whiteacre Partnership v. Biosignia, Inc., 591 S.E.2d 870, 880 (N.C. 2004). All three elements of this defense are present in the case at bar. First, the parties are named in both the state and federal suit. Second, both actions arise out of the same cause of action, namely allegations concerning discriminatory and retaliatory conduct. Specifically, Cooper alleges in both suits (among other allegations) that his contract was not renewed because of his race, that he was transferred to the Elementary school even though there was not a good position for him there, and that he was given poor evaluations in retaliation after he alleged discriminatory practices. (Doc. No. 36: Defendant Ex. 23 ¶¶ 5-17; Doc. No. 1: Am. Compl. ¶¶ 6-8, 14, 28, 34, 36, 37-41). Third, the state examined the Board's decision to not renew Cooper's contract, entered a final judgment on the merits, providing that Cooper's performance was inadequate and that no "personal, political, arbitrary, capricious or *discriminatory* reason was the basis for his non-renewal." (Plaintiff Ex. 24). (emphasis added). The state court further emphasized its holding by denying Cooper's petition to amend the order. (Plaintiff Ex. 26).[2] Therefore, the Court finds that Cooper's claim for race

---

[2]Cooper argues that the state court wrongly ignored his voluntary dismissal of the race discrimination claim, and was also wrong by denying his petition to remove from the order any reference to his discrimination claim. For the purposes of this Court's involvement, the issue is finalized in that Cooper failed to timely appeal the state court's ruling, for this Court does not, nor does any federal court other than the Supreme Court, function as an appellate court for state court proceedings. See 18B Wright, Miller & Cooper, Federal Practice and Procedure § 4469.1 (2005).

4

discrimination is barred by claim preclusion.

The Court finds also finds that Cooper's claim for race discrimination is barred by the related doctrine of issue preclusion, or *collateral estoppel*, when the issues are (1) the same as in the prior action, (2) were raised and actually litigated in the prior action, (3) were material and relevant to the disposition of the prior action, and (4) the determination of the issues in the prior action were necessary and essential to the resulting judgment. Williams v. City of Jacksonville Police Dept.,599 S.E.2d 422, 428-29 (N.C. Ct. App. 2004). First, the issues of discrimination and the adequacy of Cooper's performance were the central issues addressed by the Board, the state court, and are the same issues before this Court. Second, Cooper's job performance was raised and litigated before the Board and state court, and the race discrimination issue was raised and litigated before the Board, which was reviewed and ruled upon by the state court, despite his effort to voluntarily dismiss the issue. Third, these issues were material and relevant to the final disposition of the board and the state court, even to the extent that the state court refused to remove reference to the Board's non-discriminatory rationale for the non-renewal of Cooper's contract. And finally, the findings of the Board and the state court regarding non-discrimination and Cooper's poor performance were necessary and essential to the resulting judgment in that the Board relied upon the evidence before it and determined Cooper's performance was not adequate, and the state court confirmed this judgment, determined that there was no discrimination in the non-renewal of Cooper's contract, and further refused to remove the non-discriminatory nature of the Board's decision from its order. Therefore, the issues of Cooper's poor performance and race discrimination have been finalized by the state court, and barred from this Court by the doctrine of issue preclusion.

CONCLUSION

This Court does not function as an appellate court for the Mecklenburg County Superior Court. It is not for this Court to determine whether the claim and issue of race discrimination should have been ruled upon by the state court subsequent to the filing of Cooper's voluntary dismissal. The Court finds that the state court, through its order and its refusal to amend its order, has rendered a final judgment on the merits, and made it abundantly clear that the Board's decision to not renew Cooper's contract was based upon his poor performance, and was not of a discriminatory nature.

**IT IS, THEREFORE, ORDERED** that the motion for summary judgment of Defendant CHAR-MECK (Doc. No. 35) be **GRANTED**, and this matter is dismissed with prejudice in its entirety.

Signed: September 13, 2006

Robert J. Conrad, Jr.
Chief United States District Judge